IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JOSE ISAAC IRAHETA,<br><br>*Defendant*. | **UNDER SEAL**<br><br>Criminal No. 1:26-MJ-397 |

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Herlin Garcia-Cardenas, being duly sworn, hereby depose and state as follows:

### INTRODUCTION

1. I make this affidavit in support of a criminal complaint and arrest warrant for **Jose Isaac Iraheta** ("**IRAHETA**"). Based on the information set forth in this affidavit, I submit there is probable cause to believe that on or about June 18, 2026, in Fairfax County, Virginia, **IRAHETA** violated 18 U.S.C. § 922(g)(1), that is, being a convicted felon who knowingly possesses a firearm.

2. I have been employed as a police officer with the Fairfax County Police Department ("FCPD") for over ten years and have been duly sworn as a Task Force Officer ("TFO") with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") since June 20, 2025. I am currently assigned to the Criminal Intelligence Unit of the FCPD, and the ATF Falls Church II Field Office. As a TFO, I am a federal law enforcement officer as defined under 18 U.S.C. § 2510 (7).

3. I have experience investigating violations of both local and federal firearms laws. Additionally, I have received training and experience in interviewing and interrogation techniques, arrest procedures, search and seizure, violent crime investigations, search warrant applications,

and various other crimes. In my current role as a detective with the FCPD Criminal Intelligence Unit, I am responsible for investigations involving certain felony firearms offenses.

4. The facts and information contained in this affidavit are based upon my personal knowledge of the investigation and information obtained from other law enforcement officers. All observations not personally made by me were relayed to me by the individuals who made them or are based on my review of reports, documents, and other physical evidence obtained during the course of this investigation.

5. This affidavit contains information necessary to support probable cause and has been prepared only for the purpose of obtaining a criminal complaint and arrest warrant. Therefore, it contains neither all of the information known to me concerning the offense nor every fact learned by the government during the course of its investigation thus far.

6. As outlined below, there is probable cause that **IRAHETA** has violated 18 U.S.C. § 922(g)(1), the elements of which are as follows:

- The defendant had been convicted in some court of a crime punishable by imprisonment for a term exceeding one year;
- The defendant possessed a firearm or ammunition;
- The firearm or ammunition had traveled in interstate or foreign commerce at some point during its existence;
- The defendant did so knowingly; that is, the defendant knew that the item was a firearm or ammunition, and the possession was voluntary and intentional; and
- The defendant knew of his status, as a convicted felon, at the time of possession of the firearm.

## PROBABLE CAUSE

### *Background on IRAHETA*

7. Prior to June 18, 2026, **IRAHETA** had been convicted of multiple felony offenses in Fairfax County, each punishable by a term of imprisonment exceeding one year. These convictions include the following:

- In 2007, **IRAHETA** was convicted of felony Possession of Controlled Substance (Schedule I or II) and felony Concealment of Merchandise. **IRAHETA** was sentenced to two concurrent terms of 12-months imprisonment.
- In 2012, **IRAHETA** was convicted of Possession of Controlled Substances (Schedule I or II). **IRAHETA** was sentenced to twelve (12) months of incarceration, with all of it suspended.
- In 2020, **IRAHETA** was charged with felony offense aggravated sexual battery by a family member. **IRAHETA** was convicted of taking indecent liberties with a child and sentenced to 10 years imprisonment with 6 years suspended.

### *Background on Investigation*

8. During the Spring of 2026, FCPD detectives were made aware of a crack cocaine dealer operating out of room 17 of a hotel in the Alexandira area of Fairfax County, Virginia (the "Hotel Room"), which is located in the Eastern District of Virginia.

9. During the course of their subsequent investigation, FCPD detectives conducted visual surveillance at the Hotel Room and observed a high volume of short-term traffic consistent with narcotics trafficking and distribution at the location.

10. Over the course of several weeks, FCPD learned through multiple sources that the seller, known as "Isaac" was dealing crack cocaine at Hotel Room. FCPD confirmed through law

enforcement databases, that an individual by the name of Jose Isaac **IRAHETA** resided at the Hotel Room.

***Hotel Room Search Warrant***

11. On June 18, 2026, law enforcement executed a search warrant at the Hotel Room. **IRAHETA** and a female woman were the sole occupants of the room. During the course of the search of the Hotel Room, law enforcement identified quantities of suspected methamphetamine, fentanyl, and crack cocaine, along with evidence of narcotic use and distribution.

12. Law enforcement also recovered a Colt, model M1903 Pocket Hammerless, .32 ACP caliber pistol (the "Colt Firearm"), as well as multiple loaded firearm magazines, from the Hotel Room.

13. **IRAHETA** was provided and waived his *Miranda* rights while on scene. **IRAHETA** made voluntary statements indicating that he possessed the firearm. He also acknowledged that he was a convicted felon who was prohibited from possessing firearms.

14. The female who was present in the Hotel Room when it was searched stated that she was at the Hotel Room to have romantic relations, presumably with **IRAHETA**, though she clarified that they were not in a dating relationship. She also stated that she did not reside in the Hotel Room.

15. An ATF special agent examined the Colt Firearm that was recovered from the Hotel Room and concluded that: (1) it is a firearm as defined by 18 U.S.C. § 921(a)(3), and (2) it was not manufactured in the Commonwealth of Virginia and therefore traveled in interstate or foreign commerce before it was in **IRAHETA's** possession in the Hotel Room.

16. **IRAHETA** was on probation when the search warrant was executed.

17. **IRAHETA** was arrested and charged with several violations of Virginia state law. He was booked and subsequently released while his criminal charges were pending.

***Continued Criminal Conduct***

18. On or about July 24, 2026, local law enforcement executed an arrest warrant for **IRAHETA** for failure to register as a sex offender. **IRAHETA** was arrested at the Hotel Room, which was searched pursuant to a search warrant based on evidence that **IRAHETA** was continuing to sell controlled substances. Law enforcement recovered white powder consistent with cocaine and other paraphernalia indicative of drug use or distribution.

**CONCLUSION**

19. Based on the foregoing, I submit that there is probable cause to believe that on or about June 18, 2026, in Fairfax County, Virginia, within the Eastern District of Virginia, Jose Isaac **IRAHETA**, knowingly that he had been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly and unlawfully possess a firearm, that is, a Colt model M1903 Pocket Hammerless, .32 ACP caliber pistol, said firearm having been shipped and transported in interstate commerce, in violation of 18 U.S.C. § 922(g)(1).

Respectfully submitted,

/s/ Herlin Garcia-Cardenas
Herlin Garcia-Cardenas
Task Force Officer
Bureau of Alcohol, Tobacco, Firearms and Explosives

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone on October 9, 2026.

Digitally signed by Ivan Davis
Date: 2026.10.09 15:51:17 -04'00'

The Honorable Ivan D. Davis
United States Magistrate Judge